UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CARLOS MARTINEZ BARRERA, | Case No. 3:23-cv-00146-CL |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MULTNOMAH COUNTY INVERNESS JAIL, | |
| Defendant. | |

_____

CLARKE, Magistrate Judge.

Plaintiff Carolos Martinez Barrera ("Plaintiff"), a self-represented litigant in custody at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that he was denied adequate medical care when he was in custody at the Multnomah County Inverness Jail ("Inverness"). For the reasons set forth below, the district judge should dismiss Plaintiff's complaint, without leave to amend.

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or official if the Court determines that the action: (i) is frivolous or

1 – FINDINGS AND RECOMMENDATION

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that during a search of his person on November 2, 2018, an unidentified Inverness officer closed a door on Plaintiff's left foot, injuring his toes. (Compl. (ECF No.2) at 4.) Plaintiff claims he "did not receive proper attention" for this injury. (*Id.*) Plaintiff alleges that a week later, on November 9, 2018, unidentified officers confiscated his cane and forced him to walk on his injured foot during a court appearance, resulting in a fall. (*Id.* at 3-4.) Plaintiff alleges that he thereafter experienced dizziness and headaches, but that Inverness officials "failed to assist and give medical attention" after his arrest on December 13, 2018, "due to discrimination." (*Id.* at 4.) Plaintiff seeks $15 million dollars in compensatory damages. (*Id.* at 5.)

To state a claim under Section 1983, Plaintiff must allege that (1) a person acting under color of law (2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff cannot bring claims against "Multnomah County Inverness Jail" because it is a county detention facility and not a "person" capable of being sued

2 – FINDINGS AND RECOMMENDATION

under Section 1983. *See Rodriguez v. Cnty. of Contra Costa*, 2013, Case No. C 13-02516 SBA, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013) (noting that "sub-departments or bureaus of municipalities, such as police departments, are not generally considered 'persons' within the meaning of [Section] 1983)") (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)); *see also Salas v. San Diego Cnty. Jail & Med.*, Case No. 3:16-cv-00736-JAH-JLB, 2016 WL 1394283, at *3 (S.D. Cal. Apr. 8, 2016) (explaining that "[a] county jail or detention facility is not a proper defendant under [Section] 1983"). This defect arguably could be cured by amendment, but the complaint suffers from an additional fundamental and ultimately fatal defect to Plaintiff's ability to proceed or prevail in this action.

The incidents at issue in this case occurred on November 2, 9, and December 13, 2018. In Oregon, the statute of limitations for Section 1983 claims is two years. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) (applying Oregon's two-year statute of limitations for personal injury actions to Section 1983 claims). The two-year limitations period began to run in November and December 2018, when those incidents occurred. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (noting that "[a] claim accrues [and the statute of limitations begins to run] when the plaintiff knows or has reason to know of the injury which is the basis of the action") (quotation and citation omitted). Plaintiff therefore had until late 2020 to bring his claims against all responsible parties but failed to do so. Accordingly, Plaintiff's claims are barred by the statute of limitations.

For the reasons stated, Plaintiff's Complaint (ECF No. 2) should be dismissed *sua sponte* on the ground that it fails to state a claim. Because the defect cannot be cured by amendment, the dismissal should be with prejudice, and all pending motions should be denied as moot.

3 – FINDINGS AND RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

IT IS SO ORDERED.

DATED this 9 day of February, 2023.

_____
MARK D. CLARKE
United States Magistrate Judge

4 – FINDINGS AND RECOMMENDATION